UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
(FORT LAUDERDALE DIVISION)

In re                                                                                  CASE NO.   05-22912-BKC-RBR
                                                                                       CHAPTER 11
CERTIFIED HR SERVICES COMPANY
f/k/a THE CURA GROUP, INC.,

     Debtor.
_____/

JAMES S. FELTMAN, Chapter 11                                 ADV. NO.
Trustee of CERTIFIED HR SERVICES
COMPANY f/k/a THE CURA GROUP,
INC. AND CERTIFIED SERVICES, INC.,

     Plaintiff,
vs.

ABP, INC., ABP GROUP, INC.
AND JOHN OR JANE DOES (1-10),

     Defendant.
_____/

**COMPLAINT TO AVOID AND RECOVER**
**PREFERENTIAL AND FRAUDULENT TRANSFERS**

The Plaintiff, James S. Feltman, the duly appointed and acting chapter 11 trustee (the "Plaintiff" or "Trustee") for the estate of Certified HR Services Company, f/k/a The Cura Group (the "Debtor") together with the substantively consolidated assets and liabilities of Certified Services, Inc. ("CSI") (collectively with the Debtor hereinafter referred to as the "Consolidated Estate"), files this Adversary Complaint against ABP, INC., ABP GROUP, INC. AND JOHN OR JANE DOES (1-10) (collectively, the "Defendant"), to avoid and recover transfers to Defendant pursuant to Sections 548, 544 & 550 of Title 11 of the United States Code ("Bankruptcy Code"), Rule 7001 of the Federal Rules of Bankruptcy Procedure, and Florida Statutes, Sections 726.105 and 726.106, and states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. On May 12, 2005 (the "Petition Date"), Certified HR Services Company, f/k/a The Cura Group, Inc., (the "Debtor" or "Cura") filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code").

2. The Debtor, a Florida corporation with its principal place of business in Ft. Lauderdale, Florida, is a wholly owned subsidiary of CSI, a Nevada corporation formed on September 15, 1999.

3. Upon motions for the appointment of a trustee, by agreed order the bankruptcy court (the "Bankruptcy Court") overseeing the above-styled Chapter 11 proceeding ordered the appointment of a trustee.

4. Thereafter, the Office of the United States Trustee appointed James S. Feltman ("Feltman" or the "Trustee") as the Chapter 11 trustee, which appointment was confirmed by subsequent order of the Bankruptcy Court. Feltman is the duly appointed and acting Chapter 11 trustee of the Debtor's estate.

5. On May 10, 2006 (the "Sub Con Effective Date"), the Bankruptcy Court entered an order pursuant to which the assets and liabilities of CSI were substantively consolidated with and into the Debtor's estate.

6. At all times material to this action, CSI operated as a public company whose stock was registered with the United States Securities and Exchange Commission (the "SEC").

7. The Debtor operated under the name "The Cura Group" and, thereafter, under the name "Certified HR Services."

8. The Debtor was in the PEO business. A PEO generally provides services to its clients and its clients' employees, whereby the PEO becomes a co-employer of the clients' worksite employees. Under this arrangement, employment-related liabilities are contractually allocated between the PEO and the client. Among other responsibilities, the PEO assumes

responsibility for and manages the risks associated with workers compensation insurance for worksite employees. Specifically, the Debtor operated and, for a period of time during the Chapter 11 proceeding through the Trustee, continued to operate as a PEO.

9. Since 2001, CSI was controlled by Midwest Merger Management, LLC, a Kentucky limited liability company ("Midwest"), which was described by CSI in its Securities and Exchange Commission filings as its "principal and controlling shareholder." Since 2002, the Debtor was a wholly-owned subsidiary of CSI.

10. This Court has jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F) and (O).

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## AVOIDABLE TRANSFERS TO DEFENDANT

12. Within one year immediately prior to the Petition Date, the Debtor transferred to the Defendant a total of $132,674.16 (collectively, the "Debtor One Year Transfers").

13. Within four years immediately prior to the Petition Date, the Debtor transferred to Defendant a total of $142,071.24 (collectively, the "Debtor Four Year Transfers").

## COUNT I
## Avoidance and Recovery of Fraudulent Transfers (Debtor One Year Transfers) Under 11 U.S.C. § 548(a)(1)(A)

14. Plaintiff repeats and realleges Paragraphs 1 through 13 as if fully set forth herein.

15. The Debtor One Year Transfers constituted a transfer of an interest in property of the Debtor made to the Defendant:

    a. Within one year prior to the Petition Date; and

    b. With actual intent to hinder or delay any entity to which the Debtor was or became indebted on or after the date that such transfers were made.

16. By reason of the foregoing, the Debtor One Year Transfers to the Defendant are avoidable pursuant to 11 U.S.C. § 548(a)(1)(A). As a result, Plaintiff may recover the amount or

value of the Debtor One Year Transfers from the Defendant pursuant to 11 U.S.C. § 550.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against the Defendant that:

(a) avoids the Debtor One Year Transfers to the Defendant in the amount of $132,674.16, pursuant to 11 U.S.C. § 548(a)(1)(A);

(b) awards to the Trustee the amount or value of the Debtor One Year Transfers plus interest, costs and reasonable attorneys' fees, if applicable, pursuant to Section 550 of the Bankruptcy Code;

(c) disallows any claim that the Defendant may have against the Debtor and/or CSI until such time as the Defendant makes payment on the fraudulent transfers asserted herein as provided in 11 U.S.C. § 502(d); and

(d) awards any additional relief this Court deems is just and proper.

## COUNT II
### Avoidance and Recovery of Fraudulent Transfers (Debtor One Year Transfers) Under 11 U.S.C. § 548(a)(1)(B)

17. Plaintiff repeats and realleges Paragraphs 1 through 13 as if fully set forth herein.

18. The Debtor One Year Transfers constituted a transfer of an interest in property of the Debtor made to the Defendant:

    a. Within one year prior to the Petition Date;

    b. For less than reasonably equivalent value in exchange for such transfers; and

    c. At a time when the Debtor was:

        (i) insolvent or became insolvent as a result of the transfers;

        (ii) engaged or about to be engaged in a business or transaction for which the remaining property of the Debtor was unreasonably small capital; or

        (iii) intended to incur, or believed that it would incur, debts

beyond its ability to pay as such debts matured.

19. By reason of the foregoing, the Debtor One Year Transfers to the Defendant are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).  As a result, Plaintiff may recover the amount or value of the Debtor One Year Transfers from the Defendant pursuant to 11 U.S.C. § 550.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against the Defendant that:

(a) avoids the Debtor One Year Transfers to the Defendant in the amount of $132,674.16, pursuant to 11 U.S.C. § 548(a)(1)(B);

(b) awards to the Trustee the amount or value of the Debtor One Year Transfers plus interest, costs and reasonable attorneys' fees, if applicable, pursuant to Section 550 of the Bankruptcy Code;

(c) disallows any claim that Defendant may have against the Debtor and/or CSI until such time as the Defendant makes payment on the fraudulent transfers asserted herein as provided in 11 U.S.C. § 502(d); and

(d) awards any additional relief this Court deems is just and proper.

### COUNT III
### Avoidance and Recovery of Fraudulent Transfers (Debtor Four Year Transfers) Under 11 U.S.C. § 544 and Florida Statute 726.106(1)

20. Plaintiff repeats and realleges Paragraphs 1 through 13 as if fully set forth herein.

21. The Debtor Four Year Transfers constituted a transfer of an interest in property of the Debtor made to the Defendant:

    a. Within four years prior to the Petition Date;

    b. For less than reasonably equivalent value in exchange for such transfers; and

    c. At a time when the Debtor was insolvent or became insolvent as a result of the transfers.

22. By reason of the foregoing, the Debtor Four Year Transfers to the Defendant are

avoidable pursuant to 11 U.S.C. § 544 and Florida Statutes, Section 726.106(1). As a result, Plaintiff may recover the amount or value of the Four Year Transfers from the Defendant pursuant to 11 U.S.C. § 550.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against the Defendant that:

(a) avoids the Debtor Four Year Transfers to the Defendant in the amount of $354,116.10, pursuant to 11 U.S.C. § 544 and Florida Statutes, Section 726.106(1);

(b) awards to the Trustee the amount or value of the Debtor Four Year Transfers plus interest, costs and reasonable attorneys' fees, if applicable, pursuant to Section 550 of the Bankruptcy Code;

(c) disallows any claim that the Defendant may have against the Debtor and/or CSI until such time as the Defendant makes payment on the fraudulent transfers asserted herein as provided in 11 U.S.C. § 502(d); and

(d) awards any additional relief this Court deems is just and proper.

### COUNT IV
### Avoidance and Recovery of Preferential Transfers (Debtor Four Year Transfers) Under 11 U.S.C. § 544 and Florida Statute 726.105(1)(a)

23. The Plaintiff repeats and realleges Paragraphs 1 through 13 as if fully set forth herein.

24. The Debtor Four Year Transfers constituted a transfer of an interest in property of the Debtor made to the Defendant:

    a. Within four years prior to the Petition Date; and

    b. With actual intent to hinder or delay any creditor of the Debtor.

25. By reason of the foregoing, the Debtor Four Year Transfers to the Defendant are avoidable pursuant to 11 U.S.C. § 544 and Florida Statutes, Section 726.105(1)(a). As a result,

Plaintiff may recover the amount or value of the Debtor Four Year Transfers from the Defendant pursuant to 11 U.S.C. § 550.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against the Defendant that:

    (a)    avoids the Debtor Four Year Transfers to the Defendant in the amount of $354,116.10, pursuant to 11 U.S.C. § 544 and Florida Statutes, Section 726.105(1)(a);

    (b)    awards to the Trustee the amount or value of the Debtor Four Year Transfers plus interest, costs and reasonable attorneys' fees, if applicable, pursuant to Section 550 of the Bankruptcy Code;

    (c)    disallows any claim that the Defendant may have against the Debtor and/or CSI until such time as the Defendant makes payment on the fraudulent transfers asserted herein as provided in 11 U.S.C. § 502(d); and

    (d)    awards any additional relief this Court deems is just and proper.

## COUNT V
### Avoidance and Recovery of Preferential Transfers (Debtor Four Year Transfers) Under 11 U.S.C. § 544 and Florida Statute 726.105(1)(b)

26.    Plaintiff repeats and realleges Paragraphs 1 through 13 as if fully set forth herein.

27.    The Debtor Four Year Transfers constituted a transfer of an interest in property of the Debtor made to the Defendant:

    a.    Within four years prior to the Petition Date;

    b.    For less than reasonably equivalent value in exchange for such transfers; and

    c.    At a time when the Debtor was either

        (i)    engaged or about to engage in a business or transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; or

        (ii)    intended to incur, or believed or reasonably should have

believed that it would incur, debts beyond its ability to pay as they became due.

28. By reason of the foregoing, the Debtor Four Year Transfers to the Defendant are avoidable pursuant to 11 U.S.C. § 544 and Florida Statutes, Section 726.105(1)(b). As a result, Plaintiff may recover the amount or value of the Debtor Four Year Transfers from the Defendant pursuant to 11 U.S.C. § 550.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against the Defendant that:

(a) avoids the Debtor Four Year Transfers to the Defendant in the amount of $354,116.10, pursuant to 11 U.S.C. § 544 and Florida Statutes, Section 726.105(1)(b);

(b) awards to the Trustee the amount or value of the Debtor Four Year Transfers plus interest, costs and reasonable attorneys' fees, if applicable, pursuant to Section 550 of the Bankruptcy Code;

(c) disallows any claim that the Defendant may have against the Debtor and/or CSI until such time as the Defendant makes payment on the fraudulent transfers asserted herein as provided in 11 U.S.C. § 502(d); and

(d) awards any additional relief this Court deems is just and proper.

Respectfully submitted this 8th day of May, 2007.

                    **I hereby certify that I am admitted to the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1)**

                    GENOVESE JOBLOVE & BATTISTA, P.A.
*Attorneys for the Chapter 11 Trustee*
Bank of America Tower
100 S.E. Second Street, Suite 4400
Miami, Florida 33131
Tel.: (305) 349-2300
Fax.: (305) 349-2310

By:   /s/      Paul J. Battista
      Paul J. Battista, Esq. FBN 884162
      Scott A. Underwood, Esq. FBN 730041
      Heather L. Yonke, Esq. FBN 013192